UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                    :

**JUDITH COOPER KINSLER**,
                                                    :

                Plaintiff,
                                                    :   **MEMORANDUM DECISION AND**
                                                                    **ORDER**
              – against –
                                                      :   1:23-CV-5993 (AMD) (LB)

**FAY SERVICING**, **HSBC BANK**, **KEY BANK**,
**CITIBANK N.A.**, **STEVEN BAUM**, and        :
**FRIEDMAN & VARTOLO LLP**,
                                                      :

                Defendants.
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

       Before the Court is the *pro se* plaintiff's complaint challenging a pending foreclosure action in New York State Supreme Court, County of Queens. (ECF No. 1.)[1]

       Although the plaintiff brings this action under 28 U.S.C. § 1331, the complaint does not establish federal question jurisdiction. The plaintiff asserts only that "[t]he Judge in Queens Supreme Court ruled on my case and Citi Bank and others involved were denied in its entirety in Judge Jackman Browns ruling" (*id*. at 2) and that "my life has been made miserable I am asking for relief an[d] to be compensated" (*id*. at 5). Accordingly, the complaint is dismissed without prejudice.

## LEGAL STANDARD

       A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] The plaintiff originally filed this action in the Southern District of New York. On August 1, 2023, Chief Judge Laura Taylor Swain issued a *sua sponte* order transferring the case to this District.

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally").

## DISCUSSION

The plaintiff brings this action under the Court's federal question jurisdiction, but her complaint does not raise any colorable federal claim.  Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted).  Even reading the complaint liberally, "there are no facts suggesting the existence of a federal claim." *Harris v. Giorgio*, No. 19-CV-5714, 2019 WL 5742607, at *2 (E.D.N.Y. Nov. 5, 2019).  The plaintiff does not cite any federal statute that would apply to her claim, nor can the Court discern any federal cause of action from her complaint, even construing the complaint liberally, as the Court must do for a *pro se* litigant.  Further, the plaintiff does not plead facts establishing the Court's diversity jurisdiction.  It appears that the plaintiff seeks merely to overturn her foreclosure judgment in New York state court.  Accordingly, the Court lacks subject matter jurisdiction to hear this claim.

## CONCLUSION

For these reasons, the *pro se* plaintiff's complaint is dismissed without prejudice. The plaintiff may amend her complaint within 30 days. If she decides to file an amended complaint, the plaintiff must clearly state the legal and factual bases for her claims for each defendant and specify why the federal court has jurisdiction. The plaintiff is advised that the amended complaint will replace the original complaint, must be captioned "Amended Complaint," and must bear the same docket number as this Memorandum and Order: 1:23-CV-5993 (AMD) (LB). For free, limited-scope legal assistance, the plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729. No summons will issue at this time and all further proceedings are stayed for thirty days. If the plaintiff does not amend within 30 days, the Court will enter judgment dismissing the case.

Although the plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                    s/Ann M. Donnelly

                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
        August 28, 2023